[Cite as *In re K.M.*, 2012-Ohio-6266.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

IN RE:

K.M.

JUDGES:
Hon. William B. Hoffman, P.J.
Hon. Sheila G. Farmer, J.
Hon. Julie A. Edwards, J.

Case No. 2012CA00194

O P I N I O N

CHARACTER OF PROCEEDING: Appeal from the Stark County Court of
Common Pleas, Probate Division Case No.
214375

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: December 31, 2012

APPEARANCES:

For Appellant - Father

JEFFREY JAKMIDES
325 East Main Street
Alliance, Ohio 44601

For Appellee - Mother

EDGAR M. MOORE, JR.
4940 Munson Street
P.O. Box 35426
Canton, Ohio 44735

For Appellee –
Prospective Adoptive Parents

BARBARA K. ROMAN
JENNIFER R. SINGLETON
Meyers, Roman, Friedberg & Lewis
28601 Chagrin Boulevard, Suite 500
Cleveland, Ohio 44122

For Loving Choice

JOAN SELBY
1428 Market Ave N # B
Canton, Ohio 44714

*Hoffman, P.J.*

{¶1} Appellant Ricardo Saucedo ("Father") appeals the October 9, 2012 Judgment Entry entered by the Stark County Court of Common Pleas, Probate Division, which found his consent was not required for the adoption of his minor child, KM (DOB 12/1/11). Appellee is Cassie Ruiz ("Mother").

STATEMENT OF THE FACTS AND CASE

{¶2} Father and Mother are the biological parents of KM. KM is Father's first child, and Mother's third child. The parties are not, and have never been, married. The parties were dating at the time Mother became pregnant, but were not living together. Father was still in high school at the time, but also worked several jobs. Father lived with Patricia Lalli, his mother, at the time. He assisted Lalli with expenses when he was able.

{¶3} Shortly after learning she was pregnant with KM, Mother was evicted from her residence and she and her daughter moved in with Father and Lalli. Mother's son lived in a shelter with the children's maternal grandmother. Mother and her daughter stayed with Father and Lalli for a brief period of time (the testimony revealed Mother stayed no longer than a month). Mother did not pay rent to Lalli. Mother paid for food for herself and her daughter with food stamps. Mother was unemployed during this period. She did not receive child support from the father of her two other children. There was no evidence establishing Father contributed to the household while Mother was at the Lalli residence although, as mentioned supra, Father occasionally gave Lalli some monies.

{¶4}   After living briefly with Father and Lalli, Mother moved no less than six times in the months prior to KM's birth.  Mother lived with the grandmother of her daughter and son, with several different friends, with the paternal grandfather of her daughter and son, in a tent in her sister's backyard, and in a homeless shelter.

{¶5}   During the pregnancy, Father contacted Mother via cell phone, Facebook, and conversations with Mother's family.  Father visited Mother while she was staying with one of her friends. Father registered with the Putative Father Registry on September 20, 2011. However, Father did not provide or offer Mother any financial support or assistance in any manner during the pregnancy.  Father claimed Mother refused to speak with him, and he made offers of assistance to Mother's mother and sister.  Father did post Facebook messages to Mother during her pregnancy.  Those posts did not offer any assistance.

{¶6}   Mother planned to place KM for adoption once the baby was born.  Mother posted her plan on Facebook. Father discovered her intentions through discussions with family and friends.  Mother gave birth to KM on December 1, 2011.  Mother refused to allow Father to see KM.  Father was 20 years old at the time of KM's birth, Mother was 22 years old.  Mother surrendered custody of KM to Community Services of Stark County on December 5, 2011.

{¶7}   On March 23, 2012, Kraig M. Slutz and Christina M. Martini-Slutz filed a Petition for Adoption.  Mother signed a Consent to Adoption.  A search of the Ohio Putative Father Registry was conducted pursuant to R.C. 3107.063, and revealed Father had registered as a Putative Father. The Petition for Adoption indicated Father's

consent was not required. On May 4, 2012, the Child Support Enforcement Agency determined within 99.99% accuracy Father was the biological father of KM.

{¶8} The trial court scheduled a hearing on July 23, 2012. At the time of the hearing, Father worked full-time as a process operator at Biery Cheese, and earned approximately $500.00/week.

{¶9} Via Judgment Entry filed October 9, 2012, the trial court found Father willfully abandoned Mother during the pregnancy; therefore, his consent was not required pursuant to R.C. 3107.07(B)(2)(c).

{¶10} It is from this judgment entry Father appeals, raising as his sole assignment of error:

{¶11} "I. THE TRIAL COURT'S FINDING THAT MR. SAUCEDO WILLFULLY ABANDONED MS. RUIZ DURING THE PREGNANCY AND THAT HIS CONSENT WAS THEREFORE UNNECESSARY FOR THE ADOPTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

I

{¶12} A putative father's consent is not necessary if he has willfully abandoned the mother of the minor during her pregnancy and up to the time of her surrender of the minor. R.C. 3107.07(B)(2)(c). Appellee must demonstrate by clear and convincing evidence Father willfully abandoned Mother. *In re Adoption of Hart* (1989), 62 Ohio App.3d 544, 552, 577 N.E.2d 77; *In re Adoption of Suvak,* Allen App. No. 1-03-51, *2004-Ohio-536,* at ¶ 7.

{¶13} Whether such an allegation has been proven by clear and convincing evidence is a determination for the probate court and will not be disturbed on appeal

unless such determination is against the manifest weight of the evidence. *In re Hart, supra;* see, also, *In re Adoption of Vest* (Mar. 13, 2001), Franklin App. No. 00AP-1150. Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 281, 376 N.E.2d 578. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact. *State v. DeHass* (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus.

**{¶14}** We find the trial court's determination Father willfully abandoned Mother during her pregnancy was not against the manifest weight of the evidence. Father did not offer or provide financial support to Mother. Father did not offer assistance with food, vitamins, clothing, expenses or shelter. Father never transported Mother to her doctor's appointments. Father testified he made offers of assistance to Mother through her mother and sister. The trial court did not find his testimony credible. The evidence revealed Father was able to and did contact Mother either by cell phone or social media throughout the pregnancy. Despite having contact with Mother, Father did not make any offers of assistance or support.

**{¶15}** Father's sole assignment of error is overruled.

{¶16} The judgment of the Stark County Court of Common Pleas, Probate Division, is affirmed.

By: Hoffman, P.J.

Farmer, J. and

Edwards, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


IN RE:                                          :
                                                :
K.M.                                            :
                                                :
                                                :        JUDGMENT ENTRY
                                                :
                                                :
                                                :        Case No. 2012CA00194


     For the reasons stated in our accompanying Opinion, the judgment of the Stark

County Court of Common Pleas, Probate Division, is affirmed.  Costs to Appellant.



                  s/ William B. Hoffman_____
                  HON. WILLIAM B. HOFFMAN


                  s/ Sheila G. Farmer_____
                  HON. SHEILA G. FARMER


                  s/ Julie A. Edwards_____
                  HON. JULIE A. EDWARDS